UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL HOME LOAN
MORTGAGE CORPORATION,

       Plaintiff,                                  Hon. Janet T. Neff

v.                                              Case No. 1:08-CV-864

KIMBERLY KAY LEER, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Remand, (dkt. #9), and Plaintiff's Amended Motion to Remand, (dkt. #10). For the reasons articulated below, the undersigned recommends that the Court **grant** Plaintiff's motions and remand this matter to the state court in which it originated.

On August 7, 2008, Plaintiff initiated a termination of tenancy action in the 60th District Court in Muskegon against "Kimberly Leer, Mr. Occupant, [and] Mrs. Occupant." (Dkt. #9, Exhibit A). This action was filed following a February 2008 mortgage foreclosure sale of property owned by Leer. (Dkt. #9, Exhibits A-B). Apparently Leer and/or others refused to surrender the property in question following the foreclosure sale, prompting the present action. On September 4, 2008, the 60th District Court entered judgment for Plaintiff on the ground that Defendants had defaulted and that "[t]he plaintiff

has a right to possession." (Dkt. #9, Exhibit C). On September 15, 2008, Michael Modena[1] removed the matter to this Court. (Dkt. #1). Plaintiff now seeks to remand this matter to state court.

In his notice of removal, Modena asserted that removal was appropriate under 28 U.S.C. § 1441. As Plaintiff correctly asserts, however, this Court lacks jurisdiction under § 1441 to hear this matter. Section 1441 provides, in part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a-b).

The present action is not a matter over which "the district courts have original jurisdiction." It is removable, therefore, only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Kimberly Leer is a citizen of the State of Michigan. Thus, removal of this matter is improper.

---

[1] Based on the various documents he has submitted, Modena appears to assert that he possessed a legal interest in the subject property and that the sale thereof violated his interests.

Plaintiff further asserts that remand is appropriate because Modena, by removing the matter to this Court, is seeking to have this Court review the state court decision granting judgment in Plaintiff's favor.

The jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine prevents the federal courts from exercising jurisdiction as to claims which are inextricably intertwined with claims asserted in the state courts. *See Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). The *Rooker-Feldman* doctrine also precludes federal jurisdiction as to claims constituting "a specific grievance that the law was invalidly - even unconstitutionally - applied in the plaintiff's particular case." *Id.*

As indicated above, Modena appears to assert that he possessed a legal interest in the subject property and that the sale thereof violated his interests. It further appears that Modena has removed this matter to this Court for the purpose of obtaining a reversal of the state court decision in favor of Plaintiff. As indicated above, this Court lacks the authority to hear such matters. Accordingly, remand is appropriate.

For the reasons articulated herein, the undersigned recommends that the Court **grant** Plaintiff's motions and **remand this matter** to the 60th District Court in Muskegon.

IT IS SO ORDERED.

Date: March 30, 2009                               /s/ Ellen S. Carmody
                                                                ELLEN S. CARMODY
                                                                United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).